[Crim. No. 576.   Third Appellate District.—December 7, 1921.]

THE PEOPLE, Respondent, v. JEAN FALLON, Appellant.

[1] CRIMINAL LAW—EMBEZZLEMENT—EVIDENCE — INSTRUCTIONS. — The evidence in this prosecution for the crime of embezzlement is conclusive of the defendant's guilt, and the instructions involve a correct statement of the law applicable to the case.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. C. P. Vicini, Judge Presiding.   Affirmed.

The facts are stated in the opinion of the court.

Martin I. Welsh and R. T. Coughlin for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was convicted by a jury in the superior court of the county of Sacramento of the crime of embezzlement.   The prosecution was under two different indictments found by the grand jury of Sacramento County, in one of which she was charged with having fraudulently embezzled and converted to her own use the sum of $115.41, being the property of one F. E. Butler, of whom she was the agent, and in the other the amount charged to have been embezzled, and also the property of said Butler, was the sum of $308.08.   The defendant was tried upon the two indictments at the same time, the same having been consolidated by an order of the court under the authority of section 954 of the Penal Code.

The case was duly put upon the calendar of this court for the December term thereof and counsel of record for

the defendant duly notified of that fact. No brief has been filed by the defendant in support of her appeal, nor was there any appearance before the court in her behalf when the cause was regularly called for oral argument. In view of this situation of the cause before this court, the attorney-general, when the case came on regularly for oral argument, submitted the case upon the record.

[1] We have carefully read the testimony and have thus arrived at the conclusion that the evidence, as it appears in the record here, is conclusive of the defendant's guilt. In fact, there was no testimony offered by the defendant in her own behalf or in opposition to that presented by the people. The instructions have also been examined and found to involve a correct statement of the law applicable to the case. There is no necessity under the circumstances of this case to enter into a detailed or any statement of the evidence. It is sufficient to say that the defendant, as an agent of said F. E. Butler, was charged with the duty of making deposits of money in a certain bank in the city of Sacramento for said Butler; that in the month of January, 1921, said Butler turned over to her on one day the sum of $115.41 and on another day the sum of $308.08, with instructions to deposit the same in the bank with which said Butler was transacting business; that the defendant did not deposit said sums as instructed, but converted the same to her own use. The testimony shows that she admitted having converted said moneys to her own use and, as above suggested, there was no contradiction of that statement by her at the trial.

The judgment and the order are affirmed.

Burnett, J., and Finch, P. J., concurred.